BOLGER, Justice, concurring in part and dissenting in part.
I agree with the court's opinion that an injured party should be allowed to introduce medical bills as evidence of the value of medical services, even when the party is covered by Medicare. But I also agree with the dissenting opinion that a tort defendant should be able to introduce the actual payments accepted for those services.
My opinion is influenced by the Indiana Supreme Court's decision allowing the admission of similar payments made by the *1029 Indiana Health Insurance Program.[1] Like the Indiana program, Medicare is a voluntary program: healthcare providers need not participate, and they can leave the program at any time.[2] Providers that remain in the program agree to the terms of participation, including the reimbursement rates.[3] Therefore, the reimbursement rates are probative evidence of the value of the medical services provided.[4]
I also agree with the court that the defendant should not be allowed to introduce the amount of the payment differential or otherwise refer to the fact that the payment is made by a collateral source. But there should be no need to refer to the source of the payment in order to show the payments that were actually accepted.[5] I do not share the court's concerns that this approach will confuse juries or undermine the collateral source rule.[6] The trial court can address both of these concerns by limiting the scope of this evidence to remove any reference to a collateral source and by instructing the jury that this evidence is only to be considered for the limited purpose of determining the reasonable value of the medical services provided.[7]
So I would reverse the superior court's order restricting Weston from offering proof of the hospital's billings. On the other hand, I do not agree that AKHappytime should be prevented from showing the payments actually accepted.

Op. at 1027.

Id .

Haygood v. De Escabedo , 356 S.W.3d 390, 395-96 (Tex. 2011) (emphasis added).

Op. at 1027 (quoting Lucier v. Steiner Corp. , 93 P.3d 1052, 1054 (Alaska 2004) (Fabe, J., dissenting)).

Id . at 1019.

Id . at 1019.

Tomal v. Anderson , 426 P.3d 915, 926 n.31 (Alaska 2018) (citing Value, Fair Market Value , Black's Law Dictionary (10th ed. 2014)).